IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VERNESSA S. CUNNINGHAM AND HERMAN CUNNINGHAM | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. 1:19-cv-02296-TWT |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, NATIONAL, ASSOCIATION, AS TRUSTEE OF THE BANC OF AMERICA ALTERNATIVE LOAN TRUST 2004-5; and NATIONSTAR MORTGAGE, LLC d/b/a/ MR. COOPER, | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

COME NOW Defendants, Wells Fargo Bank, National Association, As Trustee for Banc of America Alternative Loan Trust 2004-E ("Wells Fargo"), and Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar") (collectively the "Defendants"), by and through counsel, and pursuant to Fed. R. Civ. P. 8, Fed. R. Civ. P. 12(f), and L.R. 7.1(B) (N.D. Ga.), and respectfully submits this Response in Opposition (the "Response") to Plaintiffs, Vernessa Cunningham and Herman Cunningham ("Plaintiffs"), Motion to Strike Defendants' Affirmative Defenses ("Motion to Strike"). In support of this Response, Defendants state as follows:

# I.    INTRODUCTION

On May 21, 2019, Plaintiffs filed the Verified Complaint and Jury Demand (the "Complaint") asserting claims for damages for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35 and 1024.36, relating to Defendants' purported failure to respond to Plaintiffs' Notice of Error.  In addition, the Complaint asserts claims for other supplemental state law claims including claims for wrongful foreclosure, breach of contract, attempted wrongful foreclosure, injunctive relief, declaratory relief, and attorneys' fees and costs of litigation. [Doc. 1, at ¶¶ 37-153].

This case arises out of a mortgage loan (the "Loan") and a Notice of Error Related to the Servicing of a Mortgage Loan pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35 and 1024.36, regarding property owned by the Plaintiff located at: 5024 Klondike Road, Lithonia, Georgia 30038 (the "Property"). [Doc. 1-1, ¶¶ 17, 46-47].

On March 11, 2004, Plaintiffs executed a Note (the "Note") in the principal amount of $262,307.00, with their lender BANA.  In connection with the Note, Plaintiff executed a Deed to Secure Debt (the "Security Deed") on March 11, 2004, granting BANA a security interest in the Property, and setting forth various

obligations with respect to the Loan and the Property. [Doc. 1-1, ¶¶ 17-28, Exhibit A].

On October 20, 2014, Plaintiffs filed a Chapter 13 Bankruptcy Case, and said case was converted to a Chapter 7 case, and the case was discharged on October 31, 2018. In re Vernessa Cunningham and Herman Cunningham, United States Bankruptcy Court for the Northern District of Georgia, Case No. 14-70730-PMB (Bankr. N.D. Ga.) (the "Bankruptcy Case"). On February 17, 2017, Defendants filed a Motion for Relief from the Automatic Stay, [Bankr. Doc. 78], and on August 30, 2017, the Plaintiffs and Defendants entered into a Consent Order (the "Consent Order") [Bankr. Doc. 90], which Plaintiffs agreed, *inter alia*, that Defendants have a valid, binding and perfected security interest in the Property, and have a secured claim in the original amount of $262,307.00. A true and correct copy of the Consent Order is attached hereto and marked as **Exhibit A.**

As provided in the Consent Order, as of August 18, 2017, the Plaintiffs were in default in tendering post-petition mortgage payments to Defendants, with arrearage owed to Defendants in the amount of $4091.85 – which consists of monthly mortgage payments of June 1, 2017 through August 1, 2017, at $1,074.07, plus attorneys' fees and costs in the amount of $1,031.00, plus the $425.00 provided in the Notice of Post-Petition Mortgage Fees, Expenses, and Charges filed on

September 15, 2015, less the suspense balance in the amount of $586.36. [Bankr. Doc. 90, at 2]. The Consent Order stated that the post-petition arrearage Plaintiffs owe Defendants as of August 18, 2017, is $4091.85, and Plaintiffs agreed to pay said amount by allowing Defendants to file a Supplemental Proof of Claim in the amount of $4,091.85 to include the post-petition attorneys' fees and costs in the amount of $1,031.00, fees noticed on September 15, 2015, in the amount of $425.00, and the remaining arrearage in the amount of $2,635.85, which shall be paid as a secured claim, and the Chapter 13 shall fund said secured claim. [Bankr. Doc. 90, at 3]. The Consent Order provided that Plaintiffs shall pay directly to Nationstar one payment per month totaling $1,074.07, beginning September 1, 2017. The Consent Order stated that if the Plaintiffs defaulted in making the required mortgage payments, Defendants were authorized to conduct a foreclosure sale upon a showing a Delinquency Notice. [Bankr. Doc. 90, at 3-4].

On September 19, 2017, Plaintiffs filed a Motion to Suspend Chapter 13 Plan Payments – which included a suspension of payments to Defendants' Supplemental Proof of Claim, and suspended payment on Plaintiff's post-petition arrearage owed to Defendants for the months of October, November, and December, 2017. [Bankr. Doc. 94]. The Motion to Suspend Chapter 13 Plan Payments stated that said Plaintiffs would resume payments in January, 2018.

[Bankr. Doc. 94, at 3].  On November 1, 2017, the Bankruptcy Court entered an order granting Plaintiffs' Motion to Suspend Chapter 13 Plan Payment for the months of October, November, and December, 2017, and payments to resume in January 2018. [Bankr. Doc. 97].

On June 4, 2018, the Bankruptcy Court converted the Plaintiffs' Chapter 13 Case to a Chapter 7 Case.  On June 19, 2018, Defendants filed a Motion for Relief from the Automatic Stay relating to the Property, in the Chapter 7 Case, stating that as of June 6, 2018, Plaintiffs owed Defendants a post-petition arrearage in the amount of $6,682.99, consisting of 7 monthly mortgage payments at $2087.83 (P&I $860.74; ESCROW $227.09) less a suspense balance of $931.82, and the current unpaid principal balance owed on the Loan was $177,660.77. [Bankr. Doc. 111, at 5].  On October 31, 2018, the Bankruptcy Court entered a Discharge Order granting Plaintiffs a discharge of debts pursuant to 11 U.S.C. § 524 and 11 U.S.C. § 727. [Bankr. Doc. 115].  Since the Plaintiffs' Chapter 7 Bankruptcy Case was discharged and closed, the automatic stay was no longer in place.  As a result, Defendants' Motion for Relief was never ruled upon and became moot.

Plaintiffs claims in the Complaint are predicated on the assertion that on January 23, 2019, Plaintiffs' counsel sent a Notice of Error to Defendant Nationstar, pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35 and 1024.36, alleging

that Defendant committed the error of failing to apply and accept Plaintiffs' mortgage payments, specifically identifying 14 alleged payments totaling $12,734.75, that were not applied to the loan in accordance with 12 C.F.R. § 1024.35. In the Complaint, Plaintiffs incorrectly allege that "By the time their case was converted to a Chapter 7, the Cunningham's were current on the Subject Loan; and, the Cunningham's continued to pay (and Nationstar continued to accept) each loan installment in timely fashion." [Doc. 1, at 13, ¶ 35]. However, a cursory review of the Plaintiffs' Bankruptcy Case reflects that Plaintiffs admitted to the default in payments of the Loan, and the Consent Order provided a detailed breakdown of the arrearages. In addition, Defendants filed a Motion for Relief from the Automatic Stay providing a breakdown of the Plaintiffs' arrears in the amount of $6,682.99, and Plaintiffs have not cured the default, and do not allege in the Complaint that they have cured the default. [Doc. 1].

On January 28, 2019, Defendant Nationstar received Plaintiffs' Notice of Error. On January 30, 2019, within five days of receipt, Defendant Nationstar sent an Acknowledgment Letter (the "Acknowledgment Letter") of the Notice of Error to Plaintiffs' counsel. A true and correct copy of the Acknowledgment Letter is attached hereto and marked as **Exhibit B.** On March 8, 2019, Defendants sent Plaintiffs' counsel a letter in response to the Notice of Error, stating among other

things, that it was currently investigating the account concerns raised in the January 23, 2019, Notice of Error ("Response Letter 1"). On March 26, 2019, Defendant Nationstar sent a Response to Plaintiffs' Notice of Error (the "Response Letter 2"). A true and correct copy of Response Letter 1 and Response Letter 2 is attached hereto and marked as **Exhibit C.** As a result, Defendants deny that they violated any Section or Regulation of RESPA, and deny all allegations relating to the supplemental state law claims. Specifically, Defendants contend that they did not commit an error in servicing Plaintiffs' Loan as set forth in Regulation X, and 12 C.F.R. § 1024.35, 12 C.F.R. § 1024.36, and 12 C.F.R. § 1024.41. In addition, Defendants contend that they have adequately responded to, or, they may not be required to respond to Plaintiffs' Notice of Error since the Loan was discharged. 12 C.F.R. § 1024.36(f)(1).

Based upon the foregoing, on June 13, 2019, Defendants filed their Answer and Affirmative Defenses to Plaintiffs' Complaint. [Doc. 14]. On July 11, 2019, the parties filed the Joint Preliminary Report and Discovery Plan. [Doc. 22]. On July 25, 2019, Plaintiffs' counsel sent counsel for Defendants a letter that stated among other things, "The purpose of this letter is to provide notice under Rule 11 of the Federal Rules of Civil Procedure regarding my client's intention to pursue sanctions against you and your client for you violation of Rule 11, and to give you

an opportunity to cure your violation" ("Plaintiffs' Rule 11 Letter"). A true and correct copy of Plaintiffs' Rule 11 Letter is attached hereto and marked as **Exhibit D.** The letter enclosed an unfiled copy of Plaintiffs' Motion to Strike, and then file the Motion eleven (11) days later on August 5, 2019. Plaintiffs' counsel has not prepared an unfiled Motion for Rule 11 Sanctions that describes the specific conduct that allegedly violates Rule 11(b), nor served said unfiled Motion for Sanctions upon Defendants' counsel as required pursuant to Fed. R. Civ. P. 11(c)(2). Thus, the twenty-one (21) days safe harbor provision has not been provided to Defendants to correct the alleged improper conduct. *See* Fed. R. Civ. P. 11(c)(2).[1]

---

[1] Defendants filed their Answer to Plaintiffs' Complaint on June 13, 2019 [Doc. 14], so discovery commenced on or about Monday, July 15, 2019. [Doc. 22, at 19, ¶ 10]. However, on July 1, 2019, Plaintiffs served their First Requests for Production of Documents of Plaintiff Herman Cunningham to Defendant Nationstar. [Doc. 21]. On July 31, 2019, Defendants served their responses and objections to Plaintiffs' discovery requests as premature. On July 25, 2019, Plaintiffs' counsel sent a letter to Defendants' counsel a letter indicating their intention to seek Rule 11 sanctions and requesting that Defendants amend their Answer and Affirmative Defenses, which included an unfiled draft of the Plaintiffs' Motion to Strike, but did not include an unfiled Motion for Sanctions. **Exhibit D.** The Motion to Strike states that Defendants' counsel failed to respond to an e-mail from Plaintiffs' counsel dated July 5, 2019. However, Defendants' counsel responded with an e-mail dated July 24, 2019. **Exhibit E.** In addition, Plaintiffs' counsel appears to have hidden Plaintiffs' First Continuing Interrogatories in the same envelope as the July 25, 2019, Plaintiffs' Rule 11 Letter and with the unfiled copy of the Plaintiffs' Motion for Sanctions. Plaintiffs' July 25, 2019, letter makes no reference to having attempted to serve Plaintiffs' First Interrogatories. Moreover, Plaintiffs' Complaint also incorrectly stated that Defendants failed to respond to Plaintiff's January 23, 2019, Notice of Error. [Doc. 1, at 21, ¶ 64]. However, as stated *supra,* Defendant Nationstar sent Responses on March 8, 2019, and March 26, 2019. **Exhibit C.** Thus, the crux of Plaintiffs' Complaint is based upon misstatement that Defendants failed to respond to Plaintiffs' Notice of Error. In turn, it appears that Plaintiffs'

Moreover, Plaintiffs' Motion to Strike that Plaintiffs' counsel sent Defendants' counsel an e-mail dated July 24, 2019, at 6:00 p.m., which stated, "I'm going to have to send a Rule 11 notice if I don't hear back from you by tomorrow morning." [Doc. 27-1, at 3]. Plaintiffs' Motion to Strike has the temerity to allege that Defendants' counsel did not respond to this request. [Doc. 27-1, at 3]. However, on July 24, 2019, at 9:31 p.m., Defendants' counsel sent a response e-mail stating that Defendants sent a timely Acknowledgement and Responses to the Notice of Error referenced in the Complaint which are the basis for Plaintiffs' RESPA claims. A true and correct copy of the Defendants' July 24, 2019, e-mail is attached hereto and marked as **Exhibit E.**

Thus, at the outset of this case, prior to serving any timely discovery requests, Plaintiffs have moved to strike all of the Defendants' affirmative defenses alleging that they are shot-gun, and fail to provide notice. In addition to being premature, and that Plaintiffs are aware that their RESPA claims and the supplemental state law claims are fatally flawed since Defendants provided the requisite responses to the Notice of Error, and Plaintiffs' admitted the default on

counsel has engaged in a pattern of misstatements or attempts at subterfuge throughout the litigation of this case. Defendants recognize that zealous representation is part of a lawyer's duty, but not at the expense of making arguments lacking in good faith or in violation of an attorney's duty of candor toward the tribunal. *See* Georgia Rules of Professional Conduct R. 3.1 and 3.3.

the Loan payment in the Consent Order in bankruptcy. Finally, Plaintiffs disregard the majority of cases that have addressed the striking of defenses in answer, and ignore that such motions are to be heavily disfavored. Moreover, Plaintiffs have cited cases derived from *Bell Atl. v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009), which applies a heightened pleading standard known as the plausibility standard, and is for defendants who have not been apprised about why they have been sued. Thus, the cases cited by the Plaintiffs derived *Twombly* and *Iqbal* do not speak to pleading standards of an answer, nor do they address Fed. R. Civ. P. 8(b) and 8(c), which, as set forth below, are the appropriate standard for the Court to apply to the Defendants' Answer.

In turn, Plaintiffs cannot satisfy the exceedingly high burden to prevail on their Motion to Strike because Defendants defenses satisfy the pleading requirements of Fed. R. Civ. P. 8(b) and 8(c). Moreover, without even serving timely discovery, Plaintiffs have moved to strike all of Defendants defenses. Thus, in addition to being premature, the Motion to Strike relies on an incorrect legal standard and ignores basic facts. As such, Defendants respectfully submit that their affirmative defenses are sufficiently pled, and therefore, that the Court should deny Plaintiffs' Motion to Strike in its entirety. In the alternative, should the Court

determine that any affirmative defense is deficient, Defendants request leave to amend.

## II.    ARGUMENT AND CITATION OF AUTHORITIES

### A.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(f), the Court upon a party's motion may strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f).  Thus, pursuant to Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, striking a defense is a "drastic remedy [,] which is disfavored by the courts." *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp.2d 1345, 1348 (M.D. Fla. 2002).  Moreover, motions to strike are typically denied "unless the matter sought to be admitted has no possible relationship to the controversy, may confuse the issue, or otherwise prejudice a party." *Allen v. Life Ins. Co. of N. Am.,* 267 F.R.D. 407, 410 (N.D. Ga. 2009).  As the courts in the 11th Circuit have held, "[i]t is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law." *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.,* 684 F.2d 776 (11th Cir. 1982).  In turn, courts do no generally exercise their discretion to strike a pleading unless the matter "has no

possible relation to the controversy, may confuse the issues, or otherwise prejudice a party. *Reyher v. TransWorld Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla. 1995). As a result, courts generally disfavor motions to strike and often consider them to be "time wasters." *Somerset Pharms., Inc. v. Kimball,* 168 F.R.D. 69, 71 (M.D. Fla. 1996). "An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law'" *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* Therefore, to the extent a defense puts into issue relevant and substantial; legal and factual questions, it is sufficient and may survive a motion to strike, particularly where there is no showing of prejudice to the movant. *Reyher,* 881 F. Supp. at 576.

Thus, generally motions to strike are disfavored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Thompson v. Kindred Nursing Centers E, LLC,* 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002); *Raymond Weil, S.A. v. Theron,* 585 F.Supp.2d 473 (S.D.N.Y. 2008) ("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's").

**B.     PLEADING STANDARD FOR AFFIRMATIVE DEFENSES**

The majority of courts in the Eleventh Circuit and elsewhere,[2] have held that

the heightened pleading standard Plaintiff relies on which is described in *Twombly*

and *Iqbal*, only applies to the allegations in complaints – not affirmative or other

defenses. *See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.,* 2013 WL 5970721, at

*3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.,* 2011 WL 2441744

(N.D. Ga. June 13, 2011); *Romero v. S.Waste Sys., LLC,* 619 F.Supp.2d 1356, 1358

(S.D. Fla. 2009).   These decisions acknowledge the differences between Rule 8(a)

– which applies to the pleading of claims – and Rule 8(b) and Rule 8(c), which

apply to defenses. *See, Security Life of Denver Ins. Co. v. Shah,* No. CV411-008,

2011 WL 3300320, at *1 (S.D. Ga. Aug. 11, 2011) ("heightened plausibility

standards simply cannot apply to affirmative defenses  . . . Rule 8(c) . . . unlike

Rule 8(a)  . . . does not require a party to include a short plain statement of the

grounds of a defense . . . instead, it merely requires a party to affirmatively state

any avoidance or affirmative defense."); *Adams v. JP Morgan Chase Bank, N.A.,*

No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *3-4 (M.D. Fla. July 21, 2011)

(noting that the Eleventh Circuit has not extended the requirements of Rule 8(a) to

---

[2] "[T]he strong trend has been to hold that the *Twombly* and *Iqbal* pleading standards do not apply to the pleading of affirmative defenses." 1 *Federal Rules of Civil Procedure, Rules and Commentary,* Rule 8 *General Rule of Pleading,* (2018).

affirmative defenses and has, rather repeatedly emphasized that the purpose of Rule 8(c) is simply to provide the plaintiff with notice of an affirmative defenses that may be raised at trial). The Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c), and to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it. *Jackson v. City of Centerville,* 269 F.R.D. 661, 662 (N.D. Ala. 2010). Furthermore, when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair. *Floyd v. SunTrust Banks, Inc.,* 2011 WL 2441744, *8 (N.D. Ga. June 13, 2011).

Affirmative defenses are not subject to the heightened pleading requirements of *Twombly,* 550 U.S. at 544, and *Iqbal,* 129 S. Ct. 1937. Fed. R. Civ. P. 8(a)(2) requires a "short plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). However Fed. R. Civ. P 8(a)(2) does not apply to affirmative defenses. The Supreme Court in *Twombly* and *Iqbal* clarified the general pleading requirements of Rule 8(a). In those cases, the Supreme Court interpreted the rule to require "a <u>complaint</u> [to] contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 570.) (emphasis added). However, neither *Twombly* or *Iqbal* address Fed. R. Civ. P. 8(c), which specially pertains to affirmative defenses. Rule 8(c) states

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Rule 8(c)(1); *First National Insurance Co. of America v. Camps Services, Ltd.*, No. 08-cv-12805, 2009 U.S. Dist. LEXIS 145, at *5 (E.D. Mich. Jan. 5, 2009) ("*Twombly's* analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c)."); *Kaufmann v. Prudential Ins. Co.,* No. 09-cv-10239-RGS, 2009 WL 2449872, at *1 n.1 (D. Ma. Aug. 6, 2009) (holding that Rule 8(c)(1) defenses need only be pled as listed because the "plaintiff, as the instigator of the litigation, has the initial good faith burden to investigate and verify the validity of her claims.").

Notably, Rule 8(b)(1) and Rule 8(c) do <u>not</u> require a "short plain statement of the claim" as is required under Rule 8(a)(2).  The Eleventh Circuit has not extended the pleading requirements of Rule 8(a) – the plausibility standard set forth in *Twombly* and *Iqbal* – to affirmative defenses. *Floyd v. SunTrust Banks, Inc.* No. 1:10-cv-2620-RWS, 2011 U.S. Dist. LEXIS 65190, 2011 WL 2441744, *7-8 (N.D. Ga. June 13, 2011); *Adams v. JP Morgan Chase Bank, N.A.,* 3:11-cv-377-J-37MCR, 2011 U.S. Dist. LEXIS 79366, 2011 WL 2938467, *2-4 (M.D. Fla. July 21, 2011) (cases collected therein); *Achievement & Rehabilitation Centers, Inc. v. City of Lauderhill,* No. 12-61628-Civ-SCOLA, 2012 U.S. Dist. LEXIS 173139 (S.D. Fla. Dec. 5, 2012).  Several District Courts in the Eleventh Circuit

that have rejected the heightened plausibility standard generally hold that "[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010). As further noted, "Rule 8 does not obligate a defendant to set forth detailed factual allegations but only give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests." *Bartram, LLC v. Landmark American Ins. Co.,* No. 1:10-cv-28, 2010 U.S. Dist. LEXIS 121582 (N.D. Fla. Nov. 16, 2010). Moreover, when taken together, the Court in *Twombly* and *Iqbal* solely intended to determine what a complaint under Rule 8(a) needs to contain to survive a Rule 12(b)(6) motion to dismiss, not what an affirmative defense under Rule 8(c) must contain to survive a Rule 12(f) motion. *Ameristar v. Fence Prods., Inc. v. Phoenix Fence Co.,* No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010) ("The pleading standards enunciated in *Twombly* and *Iqbal* . . . have no application to affirmative defenses plead under Rule 8(c).").

Those cases are in accord with a great number of well-reasoned opinions rejecting the application of the plausibility standard set forth in *Twombly* and *Iqbal* to affirmative defenses. *See Bowers v. Mortgage Electronic Registration Systems,* No. 10-4141-JTM-DJW, 2011 WL 2149423, at 4 (D. Kan. June 1, 2011) (holding

that affirmative defenses "are not subject to the rationale and holdings of *Iqbal* and *Twombly*."); *Schlief v. Nu-Source, Inc.,* No. 10-4477 (DWF/SER), 2011 WL 1560672, at 9 (D. Minn. Apr. 25, 2011) ("The Court concludes that the pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses."); *Falley v. Friends University*, No. 10-1423-CM, 2011 WL 1429956, at 4 (D. Kan. Apr. 14, 2011) ("The pleading standards of *Twombly* and *Iqbal* should be limited to complaints - not extended to affirmative defenses."); *Tyco Fire Products LP v. Victaulic Co.*, No.10-4645, 2011 WL 1399847, at 1 (E.D. Pa. Apr. 12, 2011) *("Twombly* and *Iqbal* do not apply to affirmative defenses."); *In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation,* No. 08-md-1919 MJP, 2011 WL 1158387, at 1 (W.D. Wa. Mar. 25, 2011) (holding *Twombly* and Iqbal do not apply to affirmative defenses); *Jeeper's of Auburn, Inc. v. KWJB Enterprise, L.L.C.*, No. 10-13682, 2011 WL 1899195, at 2 (E.D. Mich. Mar. 16, 2011) (holding that since *Iqbal* and *Twombly* do not expressly apply to affirmative defenses, then they should not be extended as such); *Sewell v. Allied Interstate, Inc.,* No. 3:10-CV-113, 2011 WL 32209, at 7 (E.D. Tenn. Jan. 5, 2011) (holding that since *Twombly* and *Iqbal* do not expressly apply to affirmative defenses, then they should not be extended as such).[3]

---

[3] In further support rejecting the plausibility standard to affirmative defenses, it is generally

Therefore, as long as Defendants' defenses give Plaintiffs notice of the claims Defendants will litigate, the defense will be appropriately pled under Rule 8(b) and Rule 8(c). Thus, Defendants need only to allege enough facts to raise a right to relief above the speculative level. *Id.*

C. **PLAINTIFFS' MOTION TO STIKE DEFENDANTS' AFFIRMATIVE DEFENSES SHOULD BE DISMISSED AS IT APPLIES THE INCORRECT LEGAL STANDARD AND IS IMPROPERLY PLEAD.**

1. <u>**Plaintiffs' Motion Improperly Seeks to Strike Defendants' Affirmative Defenses Applying the Incorrect Legal Standard.**</u>

As previously noted, courts do not generally exercise their discretion to strike a pleading unless the matter "has no possible relation to the controversy, may confuse the issues, or otherwise prejudice a party. *Reyher,* 881 F. Supp. at 576. As a result, courts generally disfavor motions to strike and often consider them to be "time wasters*." Somerset,* 168 F.R.D. at 71.

Additionally, courts in the Eleventh Circuit have refused to apply the standards to affirmative defenses. *Floyd v. SunTrust Banks, Inc.* No. 1:10-cv-2620-RWS, 2011 U.S. Dist. LEXIS 65190, 2011 WL 2441744, *7-8 (N.D. Ga.

---

advised that a defendant should plead any and all defenses that may apply in order to avoid missing out on a defense that may ultimately relieve the defendant of liability. *Robinson v. Johnson,* 313 F.3d 128, 134 (3rd Cir. 2002) ("Parties are generally required to assert affirmative defenses early in litigation, so that they may be ruled upon, prejudice may be avoided, and judicial resources may be conserved.*"); Wilkes* Assocs. *v. Hollander Indus. Corp*., 144 F. Supp.2d 944, 951 (S.D. Ohio 2001) (stating that Rule 8(c) requires a defendant to plead all applicable affirmative defenses in the answer).

June 13, 2011); *Adams v. JP Morgan Chase Bank, N.A.,* 3:11-cv-377-J-37MCR, 2011 U.S. Dist. LEXIS 79366, 2011 WL 2938467, *2-4 (M.D. Fla. July 21, 2011) (cases collected therein); *Achievement & Rehabilitation Centers, Inc. v. City of Lauderhill,* No. 12-61628-Civ-SCOLA, 2012 U.S. Dist. LEXIS 173139 (S.D. Fla. Dec. 5, 2012).    Thus, Plaintiff incorrectly asserts that the "24 bare-bones affirmative defenses pleaded by Defendants in their Answer state no facts whatsoever. They effectively represent every potential affirmative defenses in the universe . . . in short they are shotgunned." [Doc. 27-1, at 6].  Plaintiffs do not even state which of Defendants' affirmative defenses are allegedly improperly plead. Moreover, Plaintiffs have applied the heightened pleading standard announced in *Twombly,* and further clarified *Iqbal,* to affirmative defenses, which has routinely been rejected by a majority of courts in the Eleventh Circuit.  However, even if this Court were to adopt such heightened pleading standard for the Affirmative Defenses, the defenses have been sufficiently plead which render same plausible on their face.

2.    **Plaintiffs' Motion to Strike is Improperly Plead and Should Be Dismissed.**

Plaintiffs incorrectly state that "despite repeated requests to re-plead them, Defendants' counsel has refused to do so.  This Court should strike them as insufficient defenses in accordance with Rule 12(f). [Doc. 27-1, at 7].  Plaintiffs

request that the affirmative defenses be stricken because they fail to provide notice. [Doc. 27-1, at 6]. However, Plaintiffs' Motion to Strike does not specify which affirmative defenses are to be stricken, and other than a perfunctory formulaic recitation that the affirmative defenses are not plead with particularity, Plaintiffs do not state how any particular affirmative defense is insufficiently plead. Rather, it is Plaintiffs' Motion to Strike that suffers from the lack of particularity in the manner in which it is plead. As noted in Fed. R. Civ. P. 7(b)(1), "A request for a court order must be made by motion. The motion must: (B) state with particularity the grounds for seeking the order . . . ." Rule 7(b)(1)(B).

Plaintiffs' Motion does not provide factual or legal support to indicate in what manner and which affirmative defense(s) – if any – do not comport with the purported heightened pleading requirement. Moreover, the Motion to Strike should be denied as Plaintiffs have not shown the manner in which the affirmative defenses have no possible relationship to the controversy, how they may confuse the issue, or otherwise how the Plaintiffs have been prejudiced. *Allen v. Life Ins. Co. of N. Am.,* 267 F.R.D. 407, 410 (N.D. Ga. 2009). Accordingly, Plaintiffs' Motion utterly fails to state with particularity the grounds for the relief sought therein. Therefore, Plaintiffs' Motion to Strike should be dismissed.

**D.** **Defendants Should Be Given a Right to Amend If Plaintiffs' Motion to Strike Is Granted In Full Or Part.**

If for any reason the Court does not deny Plaintiffs' Motion to Strike, Defendants should have a right to seek leave to amend their Answer to address any alleged insufficiencies. *See, Wiemer v. Felberbaum & Associates, P.A.,* No. 2007 CV80934 (S.D. Fla. 2008) (defendant granted right to amend to correct deficiencies in answer); Fed. R. Civ. 15(a)(2) (court should freely allow amendments to pleadings).

## III. CONCLUSION

For the reasons stated herein, Defendants request that this Court deny Plaintiffs' Motion to Strike. If for some reason the Court does not deny the Motion to Strike in its entirety, then Defendants requests an opportunity to amend their Answer, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 19th day of August 2019.

                    /s/ Paul A. Rogers
_____

Paul A. Rogers
Georgia Bar No. 612278
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5636 (Telephone)
(404) 443-5772 (Fax)
progers@mcguirewoods.com

*Attorneys for Defendants Nationstar Mortgage, LLC, and Wells Fargo Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERNESSA S. CUNNINGHAM AND
HERMAN CUNNINGHAM )
)
    Plaintiff, )
v. )
)
WELLS FARGO BANK, NATIONAL, )
ASSOCIATION, AS TRUSTEE OF THE )
BANC OF AMERICA ALTERNATIVE )
LOAN TRUST 2004-5; and NATIONSTAR )
MORTGAGE, LLC d/b/a/ MR. COOPER, )
)
    Defendants. )
_____)

CIVIL ACTION FILE
NO. 1:19-cv-02296-TWT

## <u>CERTIFICATE OF SERVICE, FONT AND MARGINS</u>

I hereby certify that on August 19, 2019, I electronically filed the foregoing

***RESPONSE TO PLAINTIFFS' MOTION TO STRIKE*** with the Clerk of the

Court using the CM/ECF System and served a true and correct copy of same

Plaintiff's counsel via First-Class Mail, postage prepaid, addressed to:


Richard S. Alembik
315 W. Ponce de Leon Ave.
Suite 259
Decatur, Georgia 30030
(404) 373 - 0205 Telephone
(404) 795 - 8999 Facsimile
general_mailbox@alembik.com
*Attorneys for Plaintiffs*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court pursuant to L.R. 5.1.

_____/s/ Paul A. Rogers_____
Paul A. Rogers
