**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| VERNESSA S. CUNNINGHAM and HERMAN CUNNINGHAM, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, NATIONAL ASSOCIATION, *as trustee of the* BANC OF AMERICA ALTERNATIVE LOAN TRUST 2004-5; and, NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:19-CV-02296-SDG |

## ORDER COMPELLING DISCOVERY

Plaintiffs' Statements Regarding Discovery Dispute, dated October 10, 2019 and November 18, 2019, were brought before the Court for consideration pursuant to duly noticed telephonic proceedings held on October 22, 2019 and December 3, 2019, respectively. The Court, having heard the arguments of the parties through their counsel and having considered the full record and all submissions of counsel, hereby **ORDERS** Defendants to supplement their responses to Plaintiffs' pending Interrogatories and Requests for Production as follows:

1. **Defendants' Request for Production and Interrogatory Responses—general, boilerplate objections and privilege claims.**

Defendants' general and non-particularized objections to Plaintiffs' Requests for Production and Interrogatories run afoul of this Court's Standing Order and are hereby **STRICKEN**. Further, given Defendants' representation during the December 3, 2019 telephone hearing that no information or documents responsive to Plaintiffs' pending discovery requests are privileged, Defendants' objections on privilege grounds are likewise **STRICKEN**. Defendants shall fully and completely respond to each request for production and interrogatory or provide a specific particularized objection to same.

2. **Request for Production No. 6—telephone recordings of Plaintiffs', or their counsel's, telephone conversations with Defendants' representatives.**

Defendants shall produce all recordings of Plaintiffs, or their counsel, all telephone logs, and all transcripts thereof that are in their possession or within their control.

3. **March 26, 2019 letter (Bates Nos. NSM Cunningham 001644-001647).**

Defendants shall produce an exact and complete copy of the March 26, 2019 letter (at least a portion of which was produced previously with Bates Nos. NSM Cunningham 001644-001647), *including its enclosures*, or alternatively, a written

explanation of why an exact and complete copy cannot be located and produced after conducting a diligent search.

   **4. Response to Interrogatory No. 2—witness information.**

Defendants shall supplement their response to Interrogatory No. 2 by providing reasonably detailed information regarding the witnesses that they have identified in response to Interrogatory No. 1. Providing a general or generic description of the witness's knowledge, such as "knowledge regarding the servicing of the loan," is unacceptably vague and incomplete.

   **5. Response to Interrogatory No. 7—foundational witnesses.**

If Defendants intend to tender evidence that relies on the testimony of a foundational witness under Rules 803(6) or 902(11) of the Federal Rules of Evidence, the identification of that evidence, and of the corresponding foundational witness (including the competency of the witness to serve in this capacity and the witness's contact information), shall be supplied by the close of the discovery period.

   **6. Responses to Interrogatory Nos. 8 and 9—factual bases regarding denials of allegations in Plaintiffs' Complaint and Defendants' affirmative defenses.**

Defendants shall provide fulsome, particularized, and complete factual bases underlying their denials of the identified allegations in Plaintiffs' Complaint and

in support of their affirmative defenses.

   7. **Response to Interrogatory No. 11—accounting for the loan.**

Defendants shall provide a fulsome, particularized, and factual basis for their accounting concerning the subject mortgage loan, how the loan was boarded, and how Defendants otherwise accounted for the subject mortgage loan.

   8. **Response to Interrogatory No. 12—actions to investigate and respond to the Notice of Error.**

Defendants shall state with reasonable particularity each action that was taken—including by whom, when, and where—to investigate and to respond to Plaintiffs' Notice of Error. The Court finds that providing a general or generic description of an investigation, or merely making reference to a document, is unacceptably vague and incomplete. Defendants shall also identify relevant dates, activities, and related documents and data in their response.

   9. **Response to Interrogatory No. 16—loan calculations.**

Defendants shall state with reasonable particularity each calculation that they made to determine whether Plaintiffs were, or were not, in substantial compliance with any obligation or duty under the terms of the subject loan. The Court finds that providing a general or generic description of an investigation, or to identify a document, is unacceptably vague and incomplete. Defendants shall also identify

relevant dates, activities, and related documents in their response.

10. **Response to Interrogatory No. 19—person(s) assisting with interrogatory responses.**

Defendants shall identify each *non-attorney* who assisted in preparing the interrogatory responses, and they shall identify each interrogatory regarding which each identified person assisted.

**Additional Instructions**

Defendants are cautioned that lack of particularity in response to the interrogatories and requests for production referenced herein may cause the Court upon motion to strike or exclude Defendants' answer or evidence, in whole or in part, during a subsequent stage of this litigation. Additional sanctions, to include the award of attorneys' fees and costs, may also be considered.

All of Defendants' supplemental responses to Plaintiffs' pending discovery requests shall be in writing and all interrogatory responses shall be under oath. Unless otherwise stated, Defendants shall serve their supplemental responses pursuant to this Order on or before **December 20, 2019**.

The Court hereby orders counsel to appear for a hearing to discuss any outstanding discovery issues at **10:00 am on January 7, 2020**, in Courtroom 1707.

If the parties agree that there is no need for such a hearing, Plaintiff's counsel is ordered to notify chambers at least 24 hours prior to the scheduled hearing.

**SO ORDERED** this the 5th day of December 2019.

Steven D. Grimberg
United States District Judge